UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALTMAN-TUCKER,

Plaintiff,

Case No. 26-cv-12387
Honorable Linda V. Parker

v.

WILKERSON,

Defendant.

______________________________/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

Plaintiff Michael Altman-Tucker, a prisoner incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, the Court is dismissing the Complaint because it fails to state a claim upon which relief can be granted.

**I.**

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Sua sponte dismissal is appropriate if a complaint lacks an arguable basis when filed. *McGore*, 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451

U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II.

In the Complaint, Plaintiff alleges that he was going to warm up some food on March 24, 2026, when Defendant Wilkerson, a corrections officer at the Saginaw Correctional Facility, subjected him to racial harassment and verbal abuse by calling Plaintiff a derogatory racial slur based on the fact that Plaintiff is African American. Plaintiff claims that when he tried to resolve the issue with Wilkerson, Wilkerson accused Plaintiff of using the same racial slur against him. Plaintiff seeks monetary and injunctive relief.

## III.

Plaintiff's Complaint is subject to dismissal because Plaintiff fails to state a claim upon which relief can be granted.

Allegations of verbal abuse and harassment by a prison official towards an inmate generally do not constitute cruel and unusual punishment to state a § 1983 claim under the Eighth Amendment to the U.S. Constitution. *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (citing *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)); *see also Margosian v. Martinson*, No. 25-1359, 2025 WL 4692963, at * (6th Cir. Dec.

23, 2025) (quoting *Johnson*, 357 F.3d at 546) (". . . we have long held that idle threats and nonphysical harassment of prisoners, standing alone, 'do not constitute the type of infliction of pain that the Eighth Amendment prohibits.'"); *Davis v. Mich. Dep't of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990). As the Sixth Circuit provided in *Small v. Brock*, 963 F.3d 539 (6th Cir. 2020): "we have long held that verbal abuse and nonphysical harassment of prisoners do not alone give rise to a constitutional claim." *Id*. at 541 (citing *Ivey*, 832 F.2d at 954-55). Some threats—such as "multiple, unprovoked verbal threats to immediately end a prisoner's life and the aggressive brandishing of a deadly weapon—violate the Eighth Amendment. *Id*. (citing *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)). While abhorrent and unprofessional, the verbal statements Plaintiff alleges in his Complaint do not rise to that level. *See Johnson*, 357 F.3d at 545-46; *see also Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (Prison guard's use of racial slurs and other derogatory language against state prisoner did not rise to level of a violation of Eighth Amendment's prohibition against cruel and unusual punishment); *Brown v. Toombs*, 983 F.2d 1065 (Table), 1993 WL 11882, at *1 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment.")

Because the Complaint lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

Accordingly, it is hereby **ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted.

It is further **ORDERED AND CERTIFIED** that any appeal taken by Plaintiff would not be in good faith.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 5, 2026